# EXHIBIT A

FILED by Macomb County Circuit Court
11/23/2020 10:23:45 AM
Service Submitted and File
Approved, SCAO

2020-003788-NO
DUNBAR, RODE[...]

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>20-003788-NO |
|---|---|---|

**Court address**
40 N. Main Street, 5th Floor, Mt. Clemens, MI

**Court telephone no.**
586-469-5158

| Plaintiff's name(s), address(es), and telephone no(s).<br>Roderick Dunbar and Ilene Riggins-Dunbar | v | Defendant's name(s), address(es), and telephone no(s).<br>Menard, Inc., a foreign corporation |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Jeffrey T. Stewart (P24138)
Ven Johnson (P39219)
JOHNSON LAW PLC
535 Griswold, #2600, Detroit, MI 48226
313-324-8300

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| 11/24/2020 | 01/15/2021 | /s/ FRED MILLER |
| | | COUNTY CLERK |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)  **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS** Case No. 20-003788-NO

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____ Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

on _____
   Day, date, time

_____ on behalf of _____

Signature

*Document received by the MI Macomb 16th Circuit Court.*

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

RODERICK DUNBAR and
ILENE RIGGINS-DUNBAR

HON. Kathryn Viviano

Plaintiffs

2020- 3788 -NO

v.

MENARD, INC., a foreign corporation

Defendant



---

JOHNSON LAW, PLC
JEFFREY T. STEWART (P24138)
VEN JOHNSON (P39219)
535 Griswold St. Ste 2632
Detroit, MI 48226
313.324.8300
jstewart@venjohnsonlaw.com

---

I hereby certify that I know of no other action
pending between these parties or that has been
previously dismissed after being assigned to a judge

/s/ Jeffrey T. Stewart

**COMPLAINT**

NOW COME Plaintiffs, by their attorneys Johnson Law, PLC and for their complaint against the defendant, state as follows:

1. The Plaintiffs are residents of the City of Detroit Wayne County Michigan and have been, at all times relevant hereto, husband and wife.

2. The defendant MENARD, INC. ("MENARD") is a foreign corporation having its principal place of business in the State of Wisconsin, but doing business throughout the Midwest, with numerous locations in the State of Michigan.

3. The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees.

4. Venue is proper in this county for the reason that the incident complained of, with the resulting damages to Plaintiffs, occurred in this county and MENARD does regular business in this county.

## COMMON ALLEGATIONS

5. On or about the 22nd day of June 2020, Plaintiff Roderick Dunbar ("Roderick") was a business invitee in a retail store operated by the defendant MENARD and located at 32501 van Dyck Avenue, Warren, MI 48093.

6. While Roderick was on MENARD'S property, an employee of MENARD pushing carts that had been collected from the parking lot ran into Roderick.

7. As a direct and foreseeable consequence of being struck with the shopping carts, Roderick suffered a fracture of his lumbar spine and other injuries.

8. As a direct and proximate result of his injuries, Roderick has undergone the following damages and losses:

   a. loss of earnings and earning capacity;
   b. substantial and ongoing medical expenses;
   c. pain-and-suffering, both physical and emotional;
   d. depression and anxiety;
   e. inability to conduct not only work activities but normal activities of daily living and recreation.

9. The foregoing injuries are believed to be permanent in nature.

10. As a direct and proximate result of the injuries to her husband, Ilene

2

Riggins-Dunbar has suffered an invasion of her rights of consortium and is been required to render difficult and unusual services to her husband that would be unnecessary but for his injury.

### COUNT I - NEGLIGENCE OF THE MENARD EMPLOYEE

11. Plaintiffs reincorporate the foregoing allegations of the complaint as though fully restated herein.

12. On the date of the occurrence, the employee of MENARD's who was pushing the shopping carts that caused injury to Roderick was acting wholly within the course and scope of his employment with MENARD.

13. The employee had a duty to keep safe observation of people and objects in his/her path while pushing heavy carts capable of causing injury.

14. The employee further had the duty to keep carts under control and avoid coming in contact with persons and objects that could lead to injury to others.

15. In violation of the foregoing duties, the employee propelled the carts into the Plaintiff, causing the injuries and damages to both Plaintiffs described in the common allegations.

16. The negligence of the employee was a proximate cause of the injuries and damages to the Plaintiffs hereinbefore set forth.

### COUNT II – DIRECT NEGLIGENCE OF MENARD

17. Plaintiffs reincorporate the foregoing allegations of the complaint as though fully restated herein.

18. In addition to being liable for the negligence of their employee under the doctrine of *respondeat superior*, MENARD had a duty to appropriately hire and train its employees in such a manner as to prevent an unnecessary risk of injury to the Plaintiffs and

3

others lawfully upon the store premises.

19. This duty included but was not limited to:

   a. determining, through the hiring process, that the employee was competent and trainable to perform the duties required of him/her;

   b. upon hiring the employee, train the employee in appropriate safety measures including the care to be taken when pushing heavy carts in areas where customers would be found.

20. MENARD violated one or more of these duties by failing to properly hire and/or train the employee who was pushing the carts that caused injury to the Plaintiff.

21. MENARD's negligence was a proximate cause of the injuries and damages to Plaintiffs hereinbefore set forth.

WHEREFORE, Plaintiffs claim judgment against the defendant in an amount to which they are found to be entitled, together with costs, interest and reasonable attorney fees.

Johnson Law, PLC
Attorneys for Plaintiffs

By  /s/ Jeffrey T. Stewart
JEFFREY T. STEWART (P24138)
535 Griswold St. Ste 2632
Detroit, MI 48226
313.324.8300
jstewart@venjohnsonlaw.com

Dated: October 16, 2020

4

## JURY DEMAND

Plaintiffs hereby requests trial by jury.

By  */s/ Jeffrey T. Stewart*
JEFFREY T. STEWART (P24138)
535 Griswold St. Ste 2632
Detroit, MI 48226
313.324.8300
jstewart@venjohnsonlaw.com

Dated: October 16, 2020

5